LYONS, JUDGE:
This claim was brought before the Court for the specific purpose of determining whether notice provisions in §104.2 and §105.17 of the Standard Specif ications Roads and Bridges had been complied with by the claimant, L.G. De Felice, Inc., hereinafter referred to as the contractor. An opinion was issued by this Court on December 2, 1983. In that opinion, the Court held that the respondent had notice of a changed condition on the project. More specifically, the Court stated that “. . .in view of other correspondence between the parties, the respondent cannot be heard to say that it did not receive, or timely receive, the written notice ‘of such conditions’ for which provision is made in Section 104.2.”
*198 In that opinion, the Court also determined that “whether the respondent had timely actual notice of claimant’s intention to make a claim for the additional work which is the subject of this claim and, by its conduct, waived the written notice requirement of Specification 105.17 does not appear from the evidence thus far adduced.” For this reason, a further hearing was conducted on the question of notice.
Respondent contends that written notice was not given by the contractor; therefore, respondent was not in the position of maintaining a strict account of the extra work performed by the contractor.
A review of the notice sections of the specifications applicable to the contract between the parties herein is necessary for the Court to render an opinion.
Section 104.2 of the Specifications provides in part that the Commission (Department of Highways) reserves the right to make alterations in the plans or quantities of work based upon a formula of 25%; reference is made to §104.3 for Extra Work if the contractor and engineer do not agree on the work to be performed when alterations to the contract are made; the Commission may omit items or materials in the contract; the changed condition clause is contained in this section; payment for additional work required by the engineer may be permitted where the work is required when operations are substantially com-' pleted; and the final paragraph of the section provides for payment in accordance with §109.3 or contract time adjustment under §108.6.
This section encompasses many situations which may occur on a project, not just the changed condition clause which is of interest in this particular claim.
§105.17, titled Claims for Adjustments and Disputes covers the situation wherein the contractor deems that additional compensation is due him for work or material not covered by the contract or not ordered by the engineer as extra work. In that situation, this section provides then that the contractor notify the engineer in writing of the intention to make a claim for such additional work before he begins the work. If notice is not given, and the engineer is not afforded proper facilities for keeping strict account of the work, the contractor waives his claim for additional compensation. If the engineer maintains records, it is not to be used to substantiate the claim; however, the engineer may determine that the contractor is entitled to additional compensation for the claim. The last sentence in this section reads as follows: “Nothing in this subsection shall be construed as establishing any claim contrary to the terms of subsection 104.2.” This sentence refers back to §104.2 - the whole section - not just the changed condition clause. Keeping in mind that §104.2 also encompasses the extra *199 work provisions and that the changed condition clause contains its own reference to notice of the changed condition and an equitable adjustment for compensating the contractor for an increase or decrease in the cost of, or the time required for performance of the contract, this Court feels impelled to conclude that §105.17 does not apply to a changed condition situation. Once a contractor has satisfied the requirements of §104.2, he has a claim for all the damages flowing from the changed condition. However, if the contractor makes a claim for extra work, i.e., “work or material not clearly covered in the contract,” caused by the changed condition, in that instance §105.17 applies requiring notice in writing to the engineer.
In the instant claim, it was previously determined by this Court that §104.2 has been complied with by the claimant and equitable adjustments were made by respondent. However, these adjustments compensated the contractor for the changed condition on the south end of the project. The contractor performed the work on the north end of the project without an equitable adjustment. Conditions on that portion of the project were essentially the same - lack of rock with which to construct the roadbed. The contractor maintains that he is entitled to compensation for the conditions prevailing throughout the project. To require notice by the contractor on each portion of the project would be inconsistent with the specification provisions. A changed condition occurred on this construction project for which the contractor is entitled to be compensated.
It is the Court’s opinion that the contractor herein should be compensated for those costs on the north end of the project which resulted from a lack of rock. The Court directs the parties to enter into a stipulation for review by the Court itemizing those amounts due the contractor which were the direct result of a lack of rock. The matter will be held open for 90 days for counsel to file the stipulation on damages.
L.G. DeFELICE, INC.,
A CORPORATION,
Claimant,
v. Claim No. CC-77-11
WEST VIRGINIA DEPARTMENT OF HIGHWAYS, A CORPORATION,
Respondent
ORDER
Upon the Order and Opinion of the Court heretofore filed in deciding the subject claim and the representations of the claimant and *200 respondent pursuant to said Order and Opinion of the Court, it is Ordered by the Court that the claimant is entitled to recover from the respondent the following sums of money on the following items:
Rock Excavation $393,323.76
Idle Rock Excavation Equipment 81,946.59
Wet Embankment - Shutdown Idle Equipment 113,830.63
Show up Time Cost 10,705.03
Waste Operations 1974 19,238.16 Previous Stipulation and Order of the Court Entered on September 25, 1981 on Item 12(l)(a) Roadway Excavation (Undercuts) 5,933.98 cubic yards @
$1.20 per cu. yd. $7,120.78
Item 12(l)(b) Slope Excavation 6,721.9 cu. yd.
@$1.20cu. yd. 8,066.28
15,187.06
TOTAL 634,231.23
Statutory Interest at 6% from July 11, 1975 to the 30th day of January, 1985 364,066.10
TOTAL $998,297.33
It is further agreed by and between the claimant and the respondent hereto that all other items of claims and parts of items of claims as set out and alleged in claimant’s Notice of Claim filed in this action not agreed to be paid herein, are to be disallowed and not considered by the Court for any award and are to be dismissed.
Accordingly, the Court hereby Orders that the claimant be, and it is hereby granted, an award against the respondent in the total amount of Six Hundred Thirty-Four Thousand Two Hundred Thirty-One Dollars and Twenty-Three Cents ($634,231.23), plus statutory interest of Three Hundred Sixty-Four Thousand Sixty-Six Dollars and Ten Cents ($364,066.10), for a total amount of Nine Hundred Ninety-Eight Thousand Two Hundred Ninety-Seven Dollars and Thirty-Three Cents ($998,297.33).
It is hereby further Ordered that all other items of claims and parts *201 of claims set out and alleged in claimant’s Notice of Claim, which were not allowed in the above award, are hereby disallowed.
Entered this 14th day of February, 1985.